IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE PRUDENTIAL INS. COMPANY OF AMERICA, | : : | |
| Plaintiff | : : | No. 1:16-cv-1094 |
| v. | : : | (Judge Kane) |
| TRAVIS WHITE, BETH ELLEN LIVERINGHOUSE, in her capacity as Administratix of the Estate of Carol D. White, and BETH ELLEN LIVERINGHOUSE, in her capacity as Administratix of the Estate of Floris Lewis, Defendants | : : : : : : : : | |

**MEMORANDUM**

Before the Court in the above-captioned case is Plaintiff's Motion for Interpleader Relief and Default Judgment. (Doc. No. 16.) For the reasons that follow, the motion will be granted in part and denied in part.

**I. BACKGROUND[1]**

On June 8, 2016, Plaintiff The Prudential Insurance Company of America ("Prudential"), filed an Interpleader Complaint to resolve competing claims to a $104,000.00 Death Benefit[2] due as a result of the death of Carol D. White (the "Insured"), who was insured under an ERISA policy of group life insurance issued by Prudential to Wal-Mart Stores, bearing Group Policy

---

[1] The following facts underlying Plaintiff's claim are taken from Plaintiff's Interpleader Complaint. (Doc. No. 1.)

[2] The Death Benefit consists of $29,000.00 in basic term life insurance, $50,000.00 in optional term life insurance, and $25,000.00 in optional accidental death and dismemberment insurance. (Id. ¶ 10.)

1

No. G-43939-AR (the "Group Policy"). (Doc. No. 1 ¶¶ 9, 10.) Prudential named as Defendants Travis White ("White"), Beth Ellen Liveringhouse ("Liveringhouse") (in her capacity as Administratrix of the Estate of Carol D. White), and Beth Ellen Liveringhouse (in her capacity as Administratrix of the Estate of Floris Lewis). The Insured's husband, White, was named as the designated beneficiary under the policy by the Insured on March 31, 2015. (Id. ¶¶ 2, 11.) On July 13, 2015, the Insured died at 6:40 a.m. as a result of a gunshot to the head, and the Death Benefit became payable. (Id. ¶ 12.) White has been charged with criminal homicide in connection with the Insured's death and currently awaits trial. (Id. ¶ 12; Commonwealth of Pennsylvania v. Travis Allen White, Docket No. CP-44-CR-0000062-2016 (Mifflin Cty. C.C.P.). The Insured had no children at the time of her death. (Doc. No. 1 ¶ 15.) She was predeceased by her father, George M. Lewis, and had no siblings. (Id. ¶ 16.) The Insured's mother, Floris Lewis, was killed in the same incident as the Insured. (Id. ¶ 17.) According to the death certificates issued for the Insured and Floris Lewis, Floris Lewis survived the Insured by five minutes. (Id. ¶ 18.)

At issue in this action is a determination of which party is entitled to the Death Benefit. Despite his status as the designated beneficiary under the policy, if White is convicted of the death of the Insured, he would be barred from receiving the Death Benefit under Pennsylvania's Slayer Statute. (Id. ¶ 14; see 20 Pa. C.S.A. § 8811(a) "Insurance proceeds payable to the slayer as the beneficiary or assignee of any policy or certificate of insurance on the life of the decedent . . . shall be paid to the estate of the decedent, unless the policy or certificate designates some person not claiming through the slayer as alternative beneficiary to him.").

Further, Prudential asserts that the Pennsylvania Simultaneous Death Act is relevant to a

2

determination as to which defendant is entitled to the Death Benefit, as it provides as follows with respect to insurance policies: "[w]here the insured and the beneficiary in a policy of life or accident insurance have died and there is no sufficient evidence that they have died otherwise than simultaneously, the proceeds of the policy shall be distributed as if the insured had survived the beneficiary." (Doc. No. 1 ¶ 20; 20 Pa. C.S.A. § 8504.) Prudential asserts that it is unclear whether ERISA preempts state simultaneous death statutes. (Doc. No. 1 ¶ 19.) Under the Beneficiary Rules provision in the Group Policy governing payment of the life insurance proceeds, benefits are payable to the designated beneficiary; however, if there is no designated beneficiary, the benefits are payable to the first of the "(a) surviving spouse or domestic partner; (b) surviving child(ren) in equal shares, (c) surviving parents in equal shares; (d) surviving siblings in equal shares; [or] (e) [the] estate." (Id. ¶¶ 21-22.)

Prudential asserts that on or about December 21, 2015, it received a letter from Liveringhouse asserting a claim to the Death Benefit on behalf of the Insured's Estate. (Id. ¶ 23.) Prudential asserts that in the event that White is not disqualified from receiving the Death Benefit, it will be payable to him as the named beneficiary under the Group Policy's Beneficiary Rules. (Id. ¶ 24.) However, in the event White is disqualified from receiving the death benefit, and Floris Lewis is found to have survived the Insured, the Death Benefit will be payable to Floris Lewis' Estate as the next highest surviving class of heirs under the Group Policy's Beneficiary Rules. (Id. ¶ 25.) Further, Prudential alleges that in the event White is disqualified from receiving the Death Benefit, and Floris Lewis is found to have predeceased the Insured, then the Death Benefit will be payable to the Insured's Estate under the Group Policy Beneficiary Rules. (Id. ¶ 26.)

Prudential claims no interest in the Death Benefit, and asserts that it is ready and willing to pay the Death Benefit to the person or estate entitled to it, but under the circumstances, it cannot make a determination as to the proper recipient of the Death Benefit without exposing itself to potential multiple liability as a result of the competing claims made by or available to the defendants. (Id. ¶ 27.) Accordingly, Prudential's Interpleader Complaint seeks to deposit the Death Benefit, together with accrued claim interest, if any, into the Court's registry, and be discharged from all liability to the defendants. (Id. ¶ 29.)

On October 12, 2016, Liveringhouse filed an Answer to Prudential's Interpleader Complaint on behalf of both the Estate of Carol D. White and the Estate of Floris Lewis. (Doc. No. 11.) On September 30, 2016, Prudential filed a Request for Entry of Default as to White for his failure to answer or otherwise defend this action. (Doc. No. 9.) On the same date, the Clerk of Court filed on the docket in this matter an Entry of Default as to White. (Doc. No. 10.) Subsequently, Prudential filed a "Notice of Motion for Interpleader Relief and for Default Judgment" (Doc. No. 16), along with a supporting brief (Doc. No. 17). No response to Prudential's Motion has been filed. Accordingly, this matter is now ripe for disposition.

## II.     DISCUSSION

### A.     Interpleader Relief

Interpleader is an equitable remedy through which a person holding property, or a stakeholder, can "join in a single suit two or more persons asserting claims to that property." Metropolitan Life Ins. Co. v. Price, 501 F.3d 271, 275 (3d Cir. 2007) (quoting NYLife Distrib., Inc. v. Adherence Grp., Inc., 72 F.3d 371, 372 n.1 (3d Cir. 1985)). When a stakeholder admits liability to one of the claimants but seeks to avoid the possibility of multiple liability,

4

interpleader permits it "to file suit, deposit the property with the court, and withdraw from the proceedings." Prudential Ins. Co. of Am. v. Hovis, 553 F.3d 258, 262 (3d Cir. 2009) (quoting Price, 501 F.3d at 275). As a result, "[t]he competing claimants are left to litigate between themselves," and the stakeholder is discharged from any further liability. Id. (quoting Price, 501 F.3d at 275).

There are two options for a party seeking interpleader relief: (1) the federal interpleader statute, 28 U.S.C. § 1335, and (2) Federal Rule of Civil Procedure 22. District courts have subject matter jurisdiction under 28 U.S.C. § 1335 if there is "minimal diversity" between two or more adverse claimants and if the amount in controversy is $500.00 or more. 28 U.S.C. § 1335(a). However, by contrast, "rule interpleader is no more than a procedural device; the plaintiff must plead and prove an independent basis for subject matter jurisdiction." Price, 501 F.3d at 275. Prudential does not rely on the interpleader statute, as the adverse claimants seeking the Death Benefit are all citizens of Pennsylvania. Instead, Prudential relies on rule interpleader, and pleads jurisdiction pursuant to the federal question statute, 28 U.S.C. § 1331, as the underlying claim involves rights and liabilities governed by federal law, specifically, the ERISA statute, 29 U.S.C. § 1001 et seq.[3] Rule 22 of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1).

An interpleader action typically proceeds in two stages. Hovis, 553 F.3d at 262 (citing NYLife, 72 F.3d at 375). In the first stage, the court determines if the interpleader complaint

---

[3] Prudential also asserts that the requirements of diversity jurisdiction under 28 U.S.C. §1332 are met here.

5

was properly brought and whether the stakeholder should be discharged from further liability to the claimants. Id. In the second stage of the proceeding, the court determines the rights of the claimants to the interpleaded funds. Id.

The Court turns to an examination of Prudential's Interpleader Complaint to determine whether it is properly brought and whether Prudential should be discharged from further liability. As the issuer of the Group Policy under which the Death Benefit is due, Prudential constitutes a disinterested stakeholder, as it does not dispute that the Death Benefit is payable. Prudential seeks to ensure that the proper party receives the Death Benefit and to protect itself against the risk of future liability. As noted by Prudential in its Interpleader Complaint and brief in support of its Motion for Interpleader Relief, White may well be prohibited from receiving the Death Benefit depending on the outcome of his criminal trial, pursuant to the Pennsylvania Slayer Statute, and therefore it is appropriate for it to seek deposit of the Death Benefit with the Court and to interplead potential beneficiaries. See Overtstreet v. Ky. Cent. Life Ins. Co., 980 F.2d 931, 940 (4th Cir. 1991) ("An insurer faced with potentially conflicting claims by a possible slayer and the insured's estate may absolve itself of excess liability by paying the proceeds into the registry of the court and filing an action in interpleader to determine the proper recipient."); Prudential Ins. Co. of Am. v. Podnebennyy, No. 4:16-cv-1927, 2017 WL 1021717, at * 1 (M.D. Pa. Mar. 16, 2017); Primerica Life Ins. v. Amhold, No. 3:06-cv-5210-RBL, 2006 WL 727972, at *2 (W.D. Wash. June 20, 2006). Accordingly, the Court finds that Prudential's Interpleader Complaint is properly brought and that Prudential should be discharged from future liability after

payment of the proceeds of the Death Benefit into the Court's Registry.[4]

## B. Default Judgment

As to the portion of Prudential's motion seeking a default judgment as to White, the Court finds that such relief is more appropriately sought in the second stage of this proceeding, where the Court will determine the rights of the claimants to the interpleaded funds. See NYLife, 72 F.3d at 375 ("The second stage, which proceeds like any other action, is ultimately resolved by the entry of a judgment in favor of the claimant who is lawfully entitled to the stake." (citation omitted)). Accordingly, the Court will deny that portion of Prudential's motion, without prejudice to any Defendant's ability to pursue a similar motion during the second stage of this proceeding.

---

[4] Prudential seeks to deposit the Death Benefit into the Court's Registry pursuant to Federal Rule of Civil Procedure 67(a), which provides as follows:

> If any part of the relief sought is a money judgment or the disposition of a sum of money or some deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it. The depositing party must deliver to the clerk a copy of the order permitting deposit.

Fed. R. Civ. P. 67(a).

**III.    CONCLUSION**

For the reasons discussed above, the Court will grant in part and deny in part Prudential's Motion for Interpleader Relief and Default Judgment.  The motion will be granted as to Prudential's request for interpleader relief,[5] and it will be denied as to its request for default judgment against White.  An Order consistent with this Memorandum follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania

---

[5] In its Interpleader Complaint and brief in support of its Motion for Interpleader Relief, Prudential also seeks an award of attorneys' fees and costs in an unspecified sum.  "A court has the discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability."  Met. Life Ins. Co. v. Kubichek, 83 Fed. Appx. 425, 431 (3d Cir. 2003) (unpublished).  Upon completion of the requirement that it deposit the Death Benefit with the Court, the Court will permit Prudential to file an application for fees and costs.